IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICARDO CARLOS CABALLERO,

        Plaintiff,

v.                                                                       No. 1:22-cv-00019-WJ-JFR

KENNETH M. ROMERO,
DAVID BRUCE NAVA,
CARLOS VILLANUEVA,
UNKNOWN ACTORS at
the University of New Mexico,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff receives benefits through the New Mexico Human Services Department ("HSD"). *See* Complaint for Violation of Civil Rights at 5, Doc. 1, filed January 7, 2022. Plaintiff alleged that Defendant Villanueva, a private investigator, "together with HSD and unknown employees at the University of New Mexico have given out and received confidential information pertinent to Plaintiff and Plaintiff's benefits status." Complaint at 5. Plaintiff also alleged "HSD then misused the Administrative Disqualification Hearing Process and Procedures in collusion with Carlos Villanueva, to intentionally, with reckless and callous indifference, to continue to deny due process afforded to Plaintiff and his family under federally protected rights and federal statutes." Complaint at 4. Plaintiff concluded:

> As a result, Plaintiff has been denied due process of law to defend himself involving these complex issues in the HSD Disqualification Hearing process. In addition, Plaintiff has been denied due process of law under the Fourteenth Amendment and federal and state laws under the Federal Food Stamp Act, et. al., and the violation of the Supremacy Clause Article VI § 2 of the U.S. Constitution.

Complaint at 7.  Plaintiff asserted claims pursuant to 42 U.S.C. § 1983 and sought damages and injunctive relief.  See Complaint at 3, 10.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff:

The Complaint fails to state a claim against Defendants Romero and Nava.  Defendant Romero is the "Investigations Bureau Chief, NM Human Services Department."  Complaint at 2.  Defendant Nava is an "Administrative Law Judge, Office of Fair Hearing, NM HSD."  Complaint at 2.  Plaintiff is suing Defendants Romero and Nava in their official capacity.  *See* Complaint at 2.  "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits."  *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006).

The Complaint fails to state a claim against Defendant Villanueva.  Section 1983 only authorizes suits against persons who, acting under color of state law, violate a right secured by federal law.  *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law").  Defendant Villanueva is a private citizen, not a state actor.  A plaintiff can state a cognizable § 1983 claim against private citizens if he adequately alleges that the private citizen defendants conspired with the state actors to violate his federal rights.  *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005).  "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, 'mere conclusory allegations with no supporting factual averments are insufficient,' [instead] the plaintiff must specifically plead 'facts tending to show agreement and concerted action.'"  *Id.*  The Complaint contains conclusory allegations of "collusion" between Defendant Villanueva and HSD employees but does not allege specific facts showing agreement and concerted action between Defendant Villanueva and HSD employees to violate Plaintiff's federal rights.  Complaint at 4-8, 10.  It is also not clear from the Complaint which federal rights Plaintiff is asserting Defendant Villanueva and the HSD employees allegedly violated.

Finally, Plaintiff asks for "injunctive relief to stop any and all efforts for disqualification of benefits hearings and orders until I am granted full, due process and fair and just final resolution in this Honorable Federal Court."  *See* Complaint at 10.

> To obtain a preliminary injunction, the movant must show (1) it is substantially likely to succeed on the merits, (2) it will suffer irreparable injury if the injunction is denied, (3) its threatened injury outweighs the injury the opposing party will suffer under the injunction, and (4) the injunction would not be adverse to the public interest.

2

> *State v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883 (10th Cir. 2021). Plaintiff has not shown that he is substantially likely to succeed on the merits because, as discussed above, the Complaint fails to state a claim upon which relief can be granted.  Furthermore, Plaintiff has not clearly alleged that he will suffer irreparable injury if the injunction is denied, that his threatened injury outweighs the injury the opposing party will suffer under the injunction, or that the injunction would not be adverse to the public interest.

Doc. 7 at 3-4, filed January 20, 2022.  Judge Robbenhaar ordered Plaintiff to file an amended complaint.

The Amended Complaint indicates that the State HSD conducted an investigative interview with Plaintiff in September 2021 and held a "Fair Hearing proceeding on January 7, 2022." Amended Complaint at 5-6.  Plaintiff alleges his due process rights were violated during the "Fair Hearing" because HSD refused to consider evidence offered by Plaintiff, refused to provide Plaintiff with other evidence, did not request other evidence from the University of New Mexico, did not allow Plaintiff adequate time to gather evidence, either "got rid" of or hid other evidence, did not allow Plaintiff to answer questions, and violated numerous "state and federal procedures," and "did not send a hearing notice letter with the details of this next hearing."  Amended Complaint at 7-8, 12, 16-18, 20-22.  The Amended Complaint indicates HSD charged Plaintiff with fraud and failure to report income.  *See* Amended Complaint at 33, 37, 40. The Amended Complaint seeks damages pursuant to 42 U.S.C. § 1983 for civil rights violations and "a stay of appeals process." Amended Complaint at 35.  The Amended Complaint also asserts claims on behalf of Plaintiff's wife, who is not a named Plaintiff and did not sign the Amended Complaint.

The Court dismisses without prejudice the claims asserted by Plaintiff on his wife's behalf because "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

3

It appears that this action is barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

Whether a state administrative proceeding is entitled to *Younger* deference depends on whether the state administrative proceeding is "coercive" or "remedial." *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 888-92 (10th Cir. 2009). "[A] state's enforcement of its laws or regulations in an administrative proceeding constitutes a coercive action, exempt from *Patsy* [*Patsy v. Florida Board of Regents*, 457 U.S. 496 (1982))] and entitled to *Younger* deference. Other administrative proceedings fill the "remedial" category and remain subject to *Patsy*'s holding that a federal § 1983 plaintiff need not exhaust state administrative remedies." *Brown*, 555 F.3d at 890-91 (noting that in "coercive" administrative proceedings, "the participation of the federal plaintiff in the state administrative proceeding was 'mandatory,'" "the state proceeding is itself the wrong which the federal plaintiff seeks to correct via injunctive relief under section 1983," and "if the federal plaintiff has committed an alleged bad act, then the state proceeding initiated to punish the plaintiff is coercive").

The Court concludes that this case is barred by the *Younger* abstention doctrine. The Amended Complaint indicates that the state administrative proceeding that Plaintiff seeks to enjoin is a coercive proceeding because it was initiated by the State of New Mexico to enforce its regulations and Plaintiff's participation in the proceeding is mandatory. The state proceeding is

ongoing, provides Plaintiff an adequate forum to hear the claims asserted in the Amended Complaint, and involves the important state interest of providing benefits to state residents through the New Mexico Human Services Department.

    **IT IS ORDERED** that this case is **DISMISSED without prejudice.**

    _____
    **WILLIAM P. JOHNSON**
    **CHIEF UNITED STATES DISTRICT JUDGE**